IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02327-WYD-CBS

ELIAS EDWARD CASILLAS,

    Plaintiff,

v.

PAUL M. BEACH, Edgewater, Colorado Police Officer, individually and in his official capacity;
CATHLEEN LOVATO, Edgewater, Colorado Police Sgt., individually and in her official capacity;
MATTHEW REIERSON, Edgewater, Colorado Police Officer, individually and in his official capacity;
MIKE MARCHESE, Edgewater, Colorado Police Commander, individually and in his official capacity;
DAN KEOUGH, Edgewater, Colorado Police Captain, individually and in his official capacity
EDGEWATER POLICE DEPARTMENT;
ASHLEY AUGUSTIN, Duty DA Jefferson County Colorado, individually and in her official capacity;
ALEXIS KING, Duty DA Jefferson County Colorado, individually and in her official capacity;
SCOTT STOREY, District Attorney Jefferson County Colorado, individually and in his official capacity;
PAULA ODEN, First Judicial Managing Clerk Reporter, individually and in her official capacity;
XYZ companies I through X; and
JOHN DOES and JANE DOES I through X,

    Defendants.

**ORDER**

THIS MATTER is before the Court in connection with a review of the filing entitled "Plaintiff's Answer to Law Enforcment (sic) Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) and Motion for an

Enlargement of Time to Amemd (sic) the Complaint" filed April 28, 2009.  I first note that this is technically the Plaintiff's response to the motion to dismiss, even though it is incorrectly called an answer.  I further note that Plaintiff's motion for enlargement of time to amend the complaint should have been filed as a separate document. D.C.COLO.LCivR 7.1(C).  Nonetheless, I will consider the merits of Plaintiff's motion.  A response to the motion was filed on May 21, 2009.

Plaintiff asserts that he should be granted an extension of time to amend his complaint, as he drafted his original complaint pro se and is not familiar with nuances of federal law.  Further, he states that he wishes to add an abuse of discretion claim against Defendants.  I grant the motion, although Plaintiff did not need to seek leave of court to file an amended complaint.

"Federal Rules of Civil Procedure 15(a) provides that a party has a right to amend the pleading at one time without seeking leave of court as long as the amendment occurs before a responsive pleading is served."  *Calderon v. Kansas Dep't of Social And Rehabilitation Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999).  "Recognized pleadings are listed in Fed. R. Civ. P. 7(a) as a complaint, an answer, a reply to a counterclaim denominated as such, an answer to a cross-claim, a third-party complaint, and a third-party answer."  *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989). "Ordinarily, a motion to dismiss is not deemed a responsive pleading."  *Id.* (citing *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985)).  In the case at hand, no responsive pleading has been filed, so Plaintiff is entitled to amend the complaint without seeking leave of court.

If Plaintiff chooses to file an amended complaint, it shall be filed within twenty (20) days of this Order. A ruling on the motions to dismiss as well as the briefing relating to the motions are stayed pending the filing of an amended complaint. If an amended complaint is not filed, the stay regarding the motions to dismiss will be lifted. Accordingly, it is

ORDERED that the Motion for an Enlargement of Time to Amend the Complaint is **GRANTED**. Plaintiff shall, if he wishes, file an amended complaint within **twenty (20) days** of this Order.

Dated: June 1, 2009

              BY THE COURT:


              s/ Wiley Y. Daniel
              Wiley Y. Daniel
              Chief United States District Judge