IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02327-WYD-CBS

ELIAS EDWARD CASILLAS,

    Plaintiff,

v.

PAUL M. BEACH, Edgewater, Colorado Police Officer, individually and in his official capacity;
CATHLEEN LOVATO, Edgewater, Colorado Police Sgt., individually and in her official capacity;
MATTHEW REIERSON, Edgewater, Colorado Police Officer, individually and in his official capacity;
MIKE MARCHESE, Edgewater, Colorado Police Commander, individually and in his official capacity;
DAN KEOUGH, Edgewater, Colorado Police Captain, individually and in his official capacity
CITY OF EDGEWATER, COLORADO, a municipality;
XYZ companies I through X; and
JOHN DOES and JANE DOES I through X,

    Defendants.

**ORDER**

I.    Introduction and Background

    This matter is before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed July 9, 2009 [#67] by Defendants Paul M. Beach, Cathleen Lovato, Matthew Reierson, Mick Marchese, Dan Keough, and the City of Edgewater.

    This case involves the events surrounding Plaintiff's arrest for Driving Under the Influence of Alcohol on October 28, 2006, and the subsequent revocation of his license

and conviction for DUI and careless driving.  In his First Amended Complaint, Plaintiff contends that Defendant Beach stopped his vehicle without reasonable suspicion or probable cause, forced him to perform roadside testing maneuvers and breathe into a portable testing device, and then falsified the results of those tests and used the falsified results to create probable cause for Plaintiff's arrest.  According to Plaintiff, although he was not impaired to any degree, and desired to undergo a breathalyzer or blood test to prove he was not impaired, Defendant Beach threatened and forced Plaintiff to confess that he refused to provide a chemical sample of his blood, breath, saliva and/or urine.  Plaintiff contends that three Edgewater police officers fabricated the events surrounding the arrest, falsified police reports, and issued Summonses to Plaintiff for phony traffic violations to create probable cause for his arrest.

Following a hearing, the State of Colorado Department of Motor Vehicles revoked Plaintiff's driver's license on December 15, 2006.  In addition, the Jefferson County District Attorney prosecuted Plaintiff and obtained a conviction against him for DUI and careless driving.  Plaintiff contends that this conviction was secured through the use of falsified police reports, phony traffic violations and Defendants' perjured testimony.

Plaintiff initially brought eight separate claims for relief pursuant to 42 U.S.C. § 1983 claiming violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights, as well as a claim for unlawful arrest in violation of Title VI of the Civil Rights Act of 1964 and/or the Crime Control Act.  On December 21, 2009, I entered an order granting Plaintiff's unopposed motion to dismiss count three of the First Amended Complaint for

excessive force. On December 22, 2009, Plaintiff's attorneys were permitted to withdraw, and Plaintiff is now representing himself *pro se*.

In the motion to dismiss, Defendants seeks dismissal of all of the claims asserted in the First Amended Complaint. Defendants contend that the court lacks subject matter jurisdiction over several of Plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994), and the *Rooker-Feldman* Doctrine, and that any remaining claims should be dismissed for failure to state a claim, or because Defendants are entitled to qualified immunity.

II. Analysis

A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555, 557). Furthermore, conclusory allegations are "not entitled to the assumption of truth." *Id.* at 1950.

  B. <u>Whether Dismissal is Appropriate</u>

    1. <u>Whether Plaintiff's Claims are Barred by *Heck v. Humphrey*</u>

  I first address whether any of portion of Plaintiff's second, fourth, and eighth claims for relief are barred by the *Heck* Doctrine. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court stated that civil actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." The Court held that a claim for damages is not cognizable under section 1983 if a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can show that the prior conviction had previously been invalidated. *Heck*, 512 U.S. at 486-87. However, not every civil judgment will imply the invalidity of the underlying criminal conviction because "doctrines like independent source and inevitable discovery, and especially harmless error" allow a court to recognized a constitutional violation while upholding the conviction itself as constitutional. *Heck*, 512 U.S. at 487 n. 7.

  Defendants contend that Plaintiff's DUI conviction has not been reversed on appeal, and Plaintiff does not allege otherwise. According to Defendants, Plaintiff's second, fourth and eighth claims call into question the validity of his DUI conviction, and must be dismissed under *Heck*. Plaintiff responds that the relief sought in his First Amended Complaint falls within the category of action that *Heck* determined does not necessitate a favorable outcome for plaintiff.

  Plaintiff's brings his second and fourth claims for relief against the individual

Defendant officers and alleges that by stopping and arresting him without probable cause, and falsifying evidence that caused him to be charged and convicted for DUI, the individual Defendants officers deprived him of his right to be secure from unreasonable seizures under the Fourth Amendment, and violated his Fifth Amendment and Fourteenth Amendment rights not to be deprived of his liberty without due process of law, his right to equal protection under the law, and his Eighth Amendment right to be free of cruel and unusual punishment.

I find that the portions of Plaintiff's second and fourth claims for relief alleging that his Fourth Amendment rights against unreasonable search and seizure were violated when he was arrested for DUI without probable cause must be dismissed under *Heck* because a finding that he was arrested without probable cause necessarily calls into question the validity of his DUI conviction. *See Burden v. Wood*, 200 Fed. Appx. 806, 807, 2006 WL 2949141, *1 (10th Cir. Oct. 17, 2006) (false arrest claim, in light of a conviction that has not been overturned on direct appeal or otherwise rendered invalid, cannot be maintained in light of *Heck v. Humphrey*, 512 U.S. 477,486-87 (1994)); *see also Gouskos v. Grifith,* 122 Fed. Appx. 965, 972, 2005 WL 375858, *6 (10th Cir.2005) (Likewise, if the false arrest plaintiff is convicted in the criminal trial for the acts for which he was arrested, probable cause for his arrest is conclusively established and precludes a subsequent civil action for false arrest.).

In addition, I find that the portions of his second and fourth claims for relief based on allegations that his Fifth and Fourteenth Amendment due process rights were violated when he was convicted for DUI based on falsified and perjured evidence must

be dismissed because these claims also imply the invalidity of his DUI conviction. Contrary to Plaintiff's assertions, I find that this is not a case where there is sufficient evidence to support Plaintiff's conviction separate and apart from the conduct that forms the basis for his constitutional claims. Here, Plaintiff's Fourth, Fifth, and Fourteenth Amendment claims are based on his assertion that he was arrested without probable cause and that all of the evidence used to convict him of DUI was either falsified or illegally obtained during his alleged false arrest. Success on any of these claims necessarily implies the invalidity of his DUI conviction and must be dismissed.

Therefore, the portion of Plaintiff's second and fourth claims for relief based on allegations that his Fourth, Fifth and Fourteenth Amendment rights were violated are dismissed. I find that portion of Plaintiff's second and fourth claims for relief alleging an Eight Amendment violation, and an equal protection violation, as well as Plaintiff's eighth claim for relief that his arrest violated Title VI of the Civil Rights Act of 1964, do not imply the invalidity of his DUI conviction. These claims are addressed below.

      2.    <u>Whether the Remaining Claims Against the Individual Defendants Must Be Dismissed For Failure to State a Claim, or Based on Qualified Immunity</u>.

          a.    <u>Eighth Amendment Claim</u>

As part of his second claim for relief against the individual Defendant officers, Plaintiff asserts that "defendant police officers used unreasonable force that resulted in injuries to Plaintiff," and deprived him of his "right not to have cruel and unusual punishment inflicted." The conditions under which an individual is confined are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832

(1994). The Amendment prohibits the use of excessive physical force against prisoners, and mandates that officials provide humane conditions of confinement but ensuring that inmates receive adequate food, clothing, shelter, and medical. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Other than a single conclusory statement in the second claim for relief, the First Amended Complaint does not contain any further allegations relating to Plaintiff's treatment while detained, the circumstances under which he was injured, or what injuries he sustained. In response to the motion to dismiss, Plaintiff merely states that his "Eighth Amendment right against cruel and unusual punishment was violated when he was incarcerated on falsified evidence and perjury." Plaintiff does not cite any case law to support his assertion that his alleged false arrest, without more, implicates the Eighth Amendment. Therefore, I find that Plaintiff has failed to allege facts sufficient to establish that Defendants' actions violated his rights under the Eighth Amendment. Plaintiff's conclusory statement that his rights were violated is insufficient. *See Iqbal*, ___ U.S. ___ 129, S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

To the extent Plaintiff's second claim for relief is based on an Eighth Amendment violation, that claim is dismissed. Because I conclude Plaintiff has failed to state a claim under the Eighth Amendment, I need not consider whether Defendants are entitled to qualified immunity.

b.  Equal Protection

As part of his fourth claim for relief, Plaintiff alleges that Defendant's "unlawful and malicious detention and confinement" of Plaintiff violated his right to "equal protection of the laws." The Equal Protection Clause of the Fourteenth Amendment protects inmates from invidious discrimination. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to establish a violation of the Equal Protection Clause, a plaintiff must prove a racially discriminatory intent or purpose was a motivating factor in the defendant's conduct. *See Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 265-66 (1977)); *see also Brown v. Sales*, 1998 WL 42527, at 2 (10th Cir. 1998) (unpublished); *Treff v. Dehaan*, 1997 WL 543373, at 1 (10th Cir. 1997) (unpublished). Plaintiff's has failed to allege that individual Defendants' actions were motivated by discrimination, and his conclusory statement that his equal protection rights were violated is insufficient. *See Iqbal*, ___ U.S. ___ 129, S.Ct. at 1949.

To the extent Plaintiff's fourth claim for relief is based on a violation of the Equal Protection Clause, that claim is dismissed. Because I conclude Plaintiff has failed to state a claim based on a violation of Equal Protection, I need not consider whether Defendants are entitled to qualified immunity.

c.  Conspiracy

Plaintiff sixth claim for relief alleges that Defendants Beach, Lovato, and Reierson conspired to violate his right constitutional rights. In order to prove a section 1983 conspiracy claim, a plaintiff must show that the defendants conspired to deprive

him of a constitutional right or a federally protected right under color of state law. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 n. 6 (10th Cir. 1990). In addition to proving the conspiracy, plaintiff must also prove an actual deprivation of a constitutional right. *Id.* at 1449; *Snell v. Tunnell*, 920 F.2d 673, 701 (10th Cir. 1990). Moreover, "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Here, Plaintiff fails to allege any specific facts demonstrating a conspiracy among the individual Defendants. In fact, the First Amendment Complaint does not contain any allegations concerning Defendants Lovato and Reierson.

I find that Plaintiff has failed to allege facts sufficient to prove a section 1983 conspiracy claim and, therefore, his sixth claim for relief must be dismissed. *See Iqbal*, ___ U.S. ___ 129, S.Ct. at 1949. Because I conclude Plaintiff has failed to sufficiently plead a section 1983 conspiracy claim, I need not consider whether Defendants are entitled to qualified immunity.

   3. <u>Whether Plaintiff's Fifth and Fourteenth Amendment Claims Based on His Revocation Hearing Must Be Dismissed</u>

In next address the allegations in Plaintiff's ninth claim for relief, in which he contends that he was deprived of his Fourteenth Amendment due process rights during his Department of Motor Vehicles ("DMV") driver's license revocation hearing, and that Defendants' actions resulted in a violation his Fifth Amendment Right "against the taking of his driver's license."

Defendants assert that this Court lacks subject matter jurisdiction over this claim under the *Rooker-Feldman* Doctrine. The *Rooker-Feldman* doctrine holds that federal

review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Doctrine also precludes federal claims "intertwined with a state court judgment." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1075 (10th Cir. 2004).

Plaintiff contends that the *Rooker-Feldman* Doctrine in not applicable because he does not seek an order invalidating or overruling the decision of the DMV, but rather "damages that were incurred as a result of members of the Edgewater Police Department violating Plaintiff's substantive and procedural due process rights when they used fabricated evidence and perjury during the DMV hearing." Even assuming Plaintiff is correct, his ninth claim for relief must nevertheless be dismissed. Plaintiff's ninth claim for relief is premised on allegations that Defendants Beach, Lovato and Reierson appeared as witnesses for the State of Colorado at his DMV hearing and perjured themselves, and that the revocation of his driver's license was an improper "taking" under the Fifth Amendment. The Supreme Court has specifically held that police officers are entitled to absolute immunity from an action arising under § 1983 for alleged perjury in judicial proceedings. *Briscoe v. LaHue*, 460 U.S. 325-342 (1983). In addition, none of the Defendants named in this action are directly responsible for the

"taking" of Plaintiff's driver's licence. Moreover, Plaintiff's driver's license does not constitute a property right recognized under the Fifth Amendment. *United States v. Fuller*, 409 U.S. 488, 493 (1973). Licenses are traditionally treated as not protected by the Takings Clause because they are created by the government, are revokable, and are not transferable.

Therefore, Plaintiff's ninth claim for relief based on violation of Fifth and Fourteenth Amendment rights must be dismissed.

### 4. Whether Plaintiff's Title VI Claim Must Be Dismissed

In his eighth claim for relief, Plaintiff asserts he was unlawfully arrested in violation of Title VI of the Civil Rights Act of 1964 and/or the Crime Control Act. Title VI prohibits entities receiving federal assistance from discriminating on the basis of race. *See* 42 U.S.C. § 2000d. In his eighth claim for relief, Plaintiff states that "the actions of the Defendants were racially motivated." Plaintiff does not allege any other facts that would demonstrate racial animus or discrimination based on race, or explain why he believes Defendants' alleged conduct was motivated by race.

Plaintiff's conclusory allegations of racial animus will not sustain a claim for relief. *See Iqbal*, ___ U.S. ___ 129, S.Ct. at 1949 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, Plaintiff's eighth claim for relief must be dismissed.

### 5. Whether Plaintiff's Claims Based on Municipal Liability Must Be Dismissed

Finally, I consider whether Plaintiff's claims based on municipal liability must be dismissed. Plaintiff's first, fifth, and seventh claims for relief allege that the City of Edgewater is liable for the conduct of the individual Defendant officers under *Monell v. Dept. of Social Serv's*, 463 U.S. 658 (1978), and for failure to train, failure to supervise, and what Plaintiff calls "refusing or neglecting to prevent." However, a municipality may not be held liable pursuant to section 1983 when there has been no underlying constitutional violation by one of its employees. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). As set forth above, Plaintiff has failed to allege a constitutional violation by the individual Defendants and, therefore, Plaintiff's first, fifth, and seventh claims for relief against the City of Edgewater must also be dismissed.

## III. Conclusion

Based on the foregoing, it is hereby

ORDERED that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed July 9, 2009 [#67] is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

Dated: March 31, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge